No. 21-1907

## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

JOSEPH MCCOY

*Plaintiff - Appellant*

v.

TOWN OF PITTSFIELD

*Defendant – Appellee*

On Appeal from the United States District Court
for the District of New Hampshire, No. 1:20-cv-362-JL
Before the Honorable Joseph N. Laplante

## BRIEF FOR DEFENDANT-APPELLEE

Robert J. Dietel
Keelan B. Forey
GALLAGHER, CALLAHAN &
GARTRELL, P.C.
214 North Main Street
Concord, NH  03301
(603) 228-1181

June 16, 2022

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................i

TABLE OF AUTHORITIES..............................................ii

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW .....1

STATEMENT OF THE CASE .......................................2

FACTUAL BACKGROUND................................................3

SUMMARY OF ARGUMENT ........................................6

STANDARD OF REVIEW...............................................8

ARGUMENT ...................................................10

I.    THE DISTRICT COURT RULED CORRECTLY THAT THE
      TOWN DID NOT APPLY ITS ZONING ORDINANCE
      AGAINST McCOY IN AN UNCONSTITUTIONALLY
      VAGUE MANNER .............................................10

II.   THE DISTRICT COURT RULED CORRECTLY THAT THE
      TOWN DID NOT SELECTIVELY ENFORCE THE
      ORDINANCE AGAINST McCOY IN VIOLATION OF HIS
      EQUAL PROTECTION RIGHTS ..........................14

III.  THE DISTRICT COURT RULED CORRECTLY THAT THE
      TOWN DID NOT VIOLATE ANY FIRST AMENDMENT
      RIGHTS OF McCOY .........................................19

CONCLUSION ..................................................23

CERTIFICATE OF COMPLIANCE...............................24

CERTIFICATE OF SERVICE........................................25

## TABLE OF AUTHORITIES

**CASES**                                                     **PAGE**

Carrozza v. CVS Pharmacy, Inc.,
    992 F.3d 44 (1st Cir. 2021).................................................. 8, 12

Cordi-Allen v. Conlon,
    494 F.3d 245 (1st Cir. 2007)...................................... 15, 16, 18

Davis v. Coakley,
    802 F.3d 128 (1st Cir. 2015).................................................. 15

Donovan v. City of Haverhill,
    311 F.3d 74 (1st Cir. 2002).................................................... 14

Garside v. Osco Drug, Inc.,
    895 F.2d 46 (1st Cir. 1990).................................................... 22

Gianfrancesco v. Town of Wrentham,
    712 F.3d 634 (1st Cir. 2013).................................................. 15

Hardy v. Loon Mountain Recreation Corp.,
    276 F.3d 18 (1st Cir. 2002)...................................................... 8

Mesnick v. Gen. Elec. Co.,
    950 F.2d 816 (1st Cir. 1991).................................................... 8

McGuire v. Reilly,
    386 F.3d 46 (1st Cir. 2004).............................................. 21, 22

Potvin v. Speedway LLC,
    891 F.3d 410 (1st Cir. 2018).................................................... 8

Quinn v. City of Boston,
    325 F.3d 18 (1st Cir. 2003)...................................................... 9

<u>Ridley v. Mass Bay Transp. Auth.</u>,
    390 F.3d 65 (1st Cir. 2004) .................................................... 12

<u>United States v. Williams</u>,
    553 U.S. 285 (2008) ............................................................. 10

<u>Thomas v. Rhode Island</u>,
    542 F.3d 944 (1st Cir. 2008) .................................................. 12

<u>U.S. v. One Parcel of Real Property With Bldgs., Appurtenances,</u>
<u>and Improvements Known as Plat 20, Lot 17, Great Harbor Neck,</u>
<u>New Shoreham, R.I.</u>,
    960 F.2d 200 (1st Cir. 1992) .................................................. 22

**RULES**

Fed. R. Civ. P. 56 .................................................................. 9, 19, 22

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Was the district court correct in granting summary judgment to the Town on McCoy's as-applied vagueness claim where the undisputed facts established the Town's ordinance, as applied to McCoy, was not unconstitutionally vague as evidenced by McCoy's own actions?

2. Was the district court correct in granting summary judgment to the Town on McCoy's class of one equal protection claim where McCoy failed to meet his burden of identifying similarly situated comparators that were treated differently and McCoy was unable to refute the Town's rational basis for enforcing the zoning ordinance provision?

3. Was the district court correct in granting summary judgment to the Town on McCoy's content or viewpoint discrimination claim where the Town requested summary judgment on all remaining claims and McCoy failed to provide or point to evidence in the record to support a content or viewpoint discrimination claim?

## STATEMENT OF THE CASE

Plaintiff-appellant Joseph McCoy (McCoy) brought this action in the United States District Court for the District of New Hampshire (the "district court") against the Town of Pittsfield (the "Town") alleging the Town's 2018 order to remove a trailer on his property violated his rights under the United States Constitution and caused him emotional distress. <u>See</u> App. 1, 5-9.[1]

McCoy asserted four claims against the Town: (1) violation of his freedom of speech; (2) violation of his equal protection rights; (3) intentional infliction of emotional distress; and (4) negligent infliction of emotional distress. <u>Id.</u> The Town moved for judgment on the pleadings which the district court granted as to McCoy's free speech overbreadth claim and both emotional distress claims. <u>Id.</u> at 18-20.

Thereafter, the Town filed a motion for summary judgment on McCoy's remaining claims. <u>Id.</u> at 30-31. The district court held a hearing on the motion. <u>Id.</u> at 512. Following the hearing, the district court granted the Town's motion for summary judgment. <u>Id.</u> at 482-511. This appeal followed.

---

[1] Citations to the Appendix to Appellant's Brief are made as "App. __."

## FACTUAL BACKGROUND

In 2015 McCoy applied for and obtained a storage container permit for a trailer in which McCoy stored tools and other items to perform maintenance and renovation work on his property in Pittsfield, New Hampshire. <u>See</u> App. 485. Under the Town's storage container permit ordinance (the "ordinance"), a storage container may not be kept on a lot for longer than 12-months during any 15-month period to protect the aesthetics of the Town. <u>See</u> Appellant's Brief at 3-4.

Pursuant to the ordinance, McCoy's permit allowed him to keep the trailer on his property until September 2016. <u>See</u> App. at 486. In January of 2016, McCoy allowed his son to paint the phrase "TRUMP! USA" and "2016" on the side of the trailer. <u>Id.</u>

In October of 2016, the Town notified McCoy that the storage container permit for the trailer had expired and the trailer needed to be removed. <u>Id.</u> at 488. In November of 2016, McCoy requested a six-month extension of the permit and explained to the Town that he needed to keep his tools and other materials inside the trailer while dealing with an emergency construction situation, which he was performing himself, and because he had a physical handicap. <u>Id.</u> at 488-89. The Town

3

granted McCoy's request. Id. at 489. At this time, the Town was aware that McCoy's trailer was expressing political speech. Id.

In June of 2017, McCoy informed the Town that it was taking him longer than expected to perform the work on his home because he was performing the work himself and because of his physical handicap. Id. at 490. He then requested an additional one-year extension of the permit. Id. The Town granted McCoy's permit for the trailer for an additional year. Id.

Shortly thereafter, sometime in July of 2017, McCoy's trailer no longer expressed political speech. Id. The phrase "TRUMP! USA" and "2016" was painted over with a hot air balloon scene. Id.[2]

In May of 2018, McCoy received a notice from the Town reminding him that his permit was set to expire in June of 2018. Id. at 491. At this point, the trailer had been consistently displaying the hot air balloon scene since July of 2017. Id. at 490-91. In response to the Town's letter,

---

[2] At the district court's hearing on the Town's motion for summary judgment, McCoy's counsel, for the first time, asserted that the back side of the trailer continued to say "Trump." See App. 496 n. 21. As the district court correctly pointed out in its order, "McCoy's claims have never been about the alleged expressive content on the back side of the trailer." Id.

McCoy requested another extension because he needed additional time to unload the trailer. Id. at 492.

In June of 2018 the Town denied McCoy's request for a third extension. Id. at 492. The Town informed McCoy of the decision by letter, and explained that it had to balance the terms of the ordinance with McCoy's personal circumstances. Id. The Town provided McCoy with an additional 30 days to remove the trailer from his property. Id. McCoy complied with the Town's order and the trailer was removed. Id.

McCoy did not challenge the Town's order until almost two years later when he filed his complaint at the district court in March of 2020. Id. at 1.

## SUMMARY OF ARGUMENT

The district court was correct to grant summary judgment to the Town on McCoy's as-applied vagueness claim. See generally, id. at 498-503. The undisputed facts show McCoy understood the content of the zoning ordinance; McCoy knew his conduct fell within the ordinance's proscriptions; and McCoy recognized the reasons why the Town ordered him to remove his trailer in 2018. Id. at 501-02. Consequently, the district court did not err when it determined the Town was entitled to judgment as a matter of law because a person of reasonable intelligence had fair notice of what was prohibited under the ordinance and the Town's application of the ordinance was not so standardless that it authorized some form of discriminatory enforcement. Id. at 499.

Likewise, the district court was correct to grant summary judgment to the Town on McCoy's class of one equal protection claim. See generally, id. at 503-10. The undisputed facts show the Town did not discriminate in its enforcement of the zoning ordinance against McCoy and it had a rational basis for its decision to order McCoy to remove his trailer. Id. at 508-10. Further, McCoy was unable to present evidence upon which a reasonable jury could conclude that he was

treated differently from other similarly situated individuals. <u>Id.</u> at 503-07.

Finally, the district court was correct to grant summary judgment on McCoy's remaining content or viewpoint discrimination claim because no reasonable jury could examine the undisputed facts at issue in this case and conclude that McCoy was discriminated against for expressing political speech. <u>See</u> <u>generally</u>, <u>id.</u> at 495-97. Put simply: when McCoy applied for a permit and received two extensions his trailer showed support for President Trump; however, when McCoy requested a third extension and his request was denied his trailer no longer showed support for President Trump. <u>Id.</u> at 496. Moreover, McCoy's argument that he did not have notice that the district court would rule on his content or viewpoint discrimination claim is not credible.

## STANDARD OF REVIEW

Summary judgment is intended "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). "While the burden of demonstrating the appropriateness of summary judgment falls on the moving party, once the movant has properly supported its summary judgment motion, the nonmoving party must nevertheless set forth specific facts showing that there is a genuine issue for trial and may not simply rest upon the mere allegations or denials of his pleading." Carrozza v. CVS Pharmacy, Inc., 992 F.3d 44, 56-57 (1st Cir. 2021).

Appellate review of a district court's grant of summary judgment is de novo, and examines the record in the light most favorable to the non-moving party. Hardy v. Loon Mountain Recreation Corp., 276 F.3d 18, 20 (1st Cir. 2002). Appellate review is "constrained to assay the record in the same manner as the ordering court." Potvin v. Speedway LLC, 891 F.3d 410, 414 (1st Cir. 2018). "This non-deferential review is particularly appropriate where . . . the district court's grant of summary judgment is based on its application of abstract principles of law to

essentially uncontradicted facts." <u>Quinn v. City of Boston</u>, 325 F.3d 18, 29 (1st Cir. 2003). Thus, the district court's holding is affirmed if the record construed in the light most favorable to McCoy presents no genuine issue as to any material fact and reflects the Town's entitlement to judgment as a matter of law. <u>See</u> Fed R. Civ. P. 56(a).

**ARGUMENT**

I.    **THE DISTRICT COURT RULED CORRECTLY THAT THE TOWN DID NOT APPLY ITS ZONING ORDINANCE AGAINST McCOY IN AN UNCONSTITUTIONALLY VAGUE MANNER.**

The district court was correct in ruling the Town was entitled to summary judgment with respect to McCoy's as-applied vagueness challenge. "A law is unconstitutionally vague when it fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." App. 498 (quoting United States v. Williams, 553 U.S. 285, 304 (2008) (internal quotations omitted)). The undisputed facts establish that no reasonable jury could find the Town's ordinance, as applied to McCoy, was unconstitutionally vague.

On appeal, McCoy claims the district court erred for two reasons: (1) the storage container zoning ordinance did not apply to McCoy's trailer; and (2) the Town did not have authority to grant extensions to storage container permits. See Appellant's Brief at 16-17. These arguments are meritless.

As an initial matter, the district court did not err when it rejected McCoy's argument that the ordinance did not apply to McCoy's trailer.

10

See App. 499. The district court correctly reached this conclusion based
on McCoy's "<u>own behavior</u> and other record evidence." <u>Id.</u> (emphasis
added). Specifically, the district court relied upon the undisputed
evidence that McCoy successfully applied for three permits/extensions;
McCoy received advance notice of the expiration of his June 2017
permit; and McCoy received written notice regarding the basis for the
June 2018 order that McCoy remove his trailer. <u>Id.</u> at 501-02. Thus, the
district court ruled correctly when it rejected this "puzzling" argument.
<u>Id.</u> at 499.[3]

Likewise, the district court did not err when it rejected McCoy's
argument that the Town had no authority to grant storage container
permit extensions. <u>Id.</u> In its order, the district court correctly
determined "[t]his argument [wa]s neither legally nor factually
supportable." <u>Id.</u> The district correctly observed that McCoy's allegation
that the Town "conceded" it had no authority to grant a permit
extension was not supported by the facts. <u>Id.</u> "And legally, the

---

[3] As the district court observed in its order, McCoy's argument that the
ordinance did not apply to his trailer is puzzling because had the Town
denied McCoy's storage container permit, "<u>McCoy would have no
vagueness claim</u>." App. 499 (emphasis added).

ordinance's silence on this issue does not equate to a prohibition." Id. (citing Ridley v. Mass. Bay Transp. Auth., 390 F.3d 65, 93 (1st Cir. 2004)). Thus, the district court did not err when it determined "[t]he [Town's] authority to administer and enforce the ordinance include[d] the authority and discretion to decide whether to grant storage container permits and extensions of existing permits." Id. at 500 (emphasis added).[4]

Factually, there is no genuine dispute that McCoy's 2016 and 2017 extension requests were granted, but McCoy's 2018 extension request was denied. Id. Consequently, the district court did not err when it rejected McCoy's argument that there was "nothing different" about the third extension request because the time between McCoy's initial permit application (2015) and the third extension request (2018)

---

[4] On appeal, McCoy attempts to raise a new argument that New Hampshire follows "Dillon's Rule," and therefore the Town must find its authority to permit extensions in an expressly-granted power or necessarily or fairly implied from expressly-granted powers. See Appellant's Brief at 19. It is well-established that "appellants cannot raise an argument on appeal that was not squarely and timely raised in the trial court." Carrozza, 992 F.3d at 59 (quoting Thomas v. Rhode Island, 542 F.3d 944, 949 (1st Cir. 2008)) (internal punctuation and quotations omitted). Accordingly, McCoy has not properly preserved this argument for appeal because it was not timely raised in the district court and this Court should decline to address it.

differentiated the third request from his prior requests. Id. Said differently, the difference between the third request and the first two requests was that by 2018, McCoy had already been granted a year's extension beyond the ordinance's 12 months permitted. Id. Thus, the district court correctly identified "[t]hat passage of time was undoubtedly a factor in the [Town's] decision not to grant McCoy another permit extension." Id.

Accordingly, the district court correctly found "[u]nder these circumstances, a person of ordinary intelligence would have understood how the storage container permitting and board deliberation process worked and, most importantly, would have had fair notice that he had run out of extensions." Id. at 502. And, the district court correctly ruled "the Town's application of the ordinance under the facts and circumstances here does not constitute an unconstitutionally vague restriction on McCoy's expressive activity." Id. at 503.

The district court was correct in granting summary judgment to the Town and its ruling should be affirmed.

13

## II.   THE DISTRICT COURT RULED CORRECTLY THAT THE TOWN DID NOT SELECTIVELY ENFORCE THE ORDINANCE AGAINST McCOY IN VIOLATION OF HIS EQUAL PROTECTION RIGHTS.

The district court was correct in ruling that the Town was entitled to summary judgment with respect to McCoy's class of one equal protection claim. To prevail on a class of one equal protection claim, the plaintiff must be able to present evidence upon which a reasonable jury could conclude that he was intentionally treated differently from others similarly situated and there was no rational basis for the difference in treatment. Id. at 503 (citing Donovan v. City of Haverhill, 311 F.3d 74, 77 (1st Cir. 2002)). The undisputed facts establish the Town did not discriminate and had a rational basis for its treatment of McCoy. Further, McCoy failed to meet his burden to identify sufficient comparators.

On appeal, McCoy argues the district court erred in its analysis of similarly situated comparators and in concluding that he offered no evidence to show the Town did not have a rational basis when it ordered removal. See Appellant's Brief at 23, 27. Both arguments are meritless.

With respect to the similarly situated analysis, in its order the district court correctly explained "[a]n individual is 'similarly situated'

14

to others for equal protection purposes when 'a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated.'" App. 503 (quoting <u>Davis v. Coakley</u>, 802 F.3d 128, 133 (1st Cir. 2015)). Moreover, it is well-established that "a class-of-one plaintiff bears the burden of showing that his comparators are similarly situated <u>in all respects</u> relevant to the challenged government action." <u>Id.</u> at 504 (quoting <u>Gianfrancesco v. Town of Wrentham</u>, 712 F.3d 634, 640 (1st Cir. 2013) (emphasis added)).

As noted by the district court, McCoy's evidence—a declaration and photographs of other trailers in Pittsfield—"oversimplifie[d] the analysis and fail[ed] to account for the fact that various actual traits, circumstantial nuances, and peculiarities can set entities apart, rendering them, by virtue of their differences, amenable to disparate treatment." <u>Id.</u> at 506 (citing <u>Cordi-Allen v. Conlon</u>, 494 F.3d 245, 255 (1st Cir. 2007)). Thus, the district court correctly ruled that McCoy's evidence of similarly situated comparators was too conclusory or speculative to show the comparators were similar in <u>all respects</u>, and therefore summary judgment was appropriate. <u>Id.</u> at 504. "Summary

judgment is . . . appropriate on class of one claims 'where it is clear that no reasonable jury could find the similarly situated' element met, even in cases where, as here, 'the plaintiffs have presented copious evidence concerning a multiplicity of possible comparisons.'" Id. (quoting Cordi-Allen, 494 F.3d at 251).

McCoy, on appeal, seeks to avoid this well-established burden by arguing that the district court considered irrelevant comparison points in its similarly situated analysis. See Appellant's Brief at 23-24. McCoy alleges the only comparison point the district court needed consider was whether these other storage containers were expressing political speech. Id. at 23. But, as the district court correctly noted, possible comparisons in which "a reasonable jury cannot determine whether the alleged comparators are similar in relevant respects" is not sufficient to meet the similarly situated standard. App. 507.

McCoy's evidence—at best—established only possible comparisons. For example, as noted by the district court, a reasonable jury could not decipher from McCoy's evidence "which of the alleged comparators may be 'grandfathered' in; that is, they installed the storage containers before there was an ordinance requiring a storage

16

container permit." Id. at 506. Given the fact "the ordinance was not adopted until 1988, the storage container article was not added until 1997, and the storage container was amended in 2016," this type of detail or information was necessary to sustain McCoy's claim that the trailers were similarly situated. Id. at 506-07. The district court also identified other missing information about the trailers that would help a fact finder determine whether the trailers were truly similarly situated including whether the trailers were parked in the same location; were being used for residential occupancy or transient lodging; or existed under an extension. Id. at 507.

Further, McCoy conceded that the Town took enforcement action against three other property owners with unpermitted storage containers under the ordinance. See Appellant's Brief at 25 ("[The Town] undertook enforcement action against only *three* property owners with unpermitted trailers[.]") (italics supplied); see also App. 507 n. 31 ("It is undisputed that the Town has taken similar enforcement action against other landowners with unpermitted storage containers on their property."). Thus, as the district court correctly identified, "[t]hat alone may be enough to defeat a 'class of one' equal protection claim because,

by definition, a class of one is not a class of many." App. 507 n. 31
(quoting Cordi-Allen, 494, F.3d at 254) (internal punctuation omitted).
Consequently, the district court's ruling on the equal protection claim
may be affirmed on this ground alone.

Additionally, McCoy's assertion that the Town "conceded" it had
no rational basis to order the trailer removed in 2018, is without any
support. See Appellant's Brief at 26. In particular, McCoy's argument
mischaracterizes testimony and ignores the undisputed fact that the
Town allowed McCoy to keep the trailer on his property for longer than
the ordinance allowed when it expressed support for President Trump.
See App. 508-09. As the district court observed in its order, "[b]y the
time the Town ordered McCoy to remove the trailer in June 2018, the
expressive content at issue had been removed for almost a year." Id. at
509. Thus, as identified by the district court, "there [wa]s no evidence
that Town officials held arbitrary or irrational motives prior to its June
2018 removal order, so no rational fact finder could infer the Town's
action were motivated by political animus against McCoy." Id. at 510.

Simply stated, the record contains no evidence to support McCoy's
contention that the Town did not have a rational basis for ordering him

to remove his trailer in June 2018. Id. at 509. "The trailer remained on McCoy's property for over four years when the ordinance only allowed storage containers for 12 months." Id. (emphasis added). As the district court correctly observed, McCoy's requests for extensions were "in recognition that he had no right to continue keeping the trailer on his property indefinitely." Id. at 510. Accordingly, by June 2018, the Town's denial of McCoy's third extension request was "wholly rational." Id. For these reasons, the district court was correct in granting summary judgment to the Town on McCoy's equal protection claim and its order should be affirmed.

## III. THE DISTRICT COURT RULED CORRECTLY THAT THE TOWN DID NOT VIOLATE ANY FIRST AMENDMENT RIGHTS OF McCOY.

On appeal, McCoy contends for the first time that the district court erred when it ruled on his content and viewpoint discrimination claim in violation of Fed. R. Civ. 56(f). See Appellant's Brief at 26-28. This argument is unavailing.

First, contrary to McCoy's assertion, Rule 56(f) is not implicated by the district court's ruling because it did not grant summary judgment sua sponte on his First Amendment claims. There is no

19

genuine question that the Town sought summary judgment on all claims, argued that it had not violated McCoy's First Amendment rights in the application of the zoning ordinance, and challenged the existence of any evidence of discriminatory intent or enforcement. For example, in response to McCoy's objection to summary judgment, the Town argued that "[p]laintiff does not identify any instances of harassment or discrimination, and provides nothing on which to base his claim that the Ordinance was applied to him because of his support for Donald Trump, as opposed to the reasons cited by the Town." See e.g. App. 475. It is not credible for McCoy to claim that he lacked notice or that the district court's ruling was sua sponte. McCoy, in fact, had sought summary judgment on all counts in his own objection to the Town's motion for summary judgment. See App. 418 (asserting that "the Court may - and should - grant summary judgment in favor of Mr. McCoy on Counts I and II."). Thus, the district court did not commit any error in ruling on those claims in full.

Second, despite the district court's ruling "that neither party briefed the issue," there is no question that the claim was thoroughly reviewed and argued in oral argument on September 17, 2021 (more

20

than two weeks before the district court issued its ruling). <u>See</u> App. 516-18. During those arguments, McCoy confirmed several times that his First Amendment claims were grounded on an allegedly vague application of the zoning ordinance. App. 557:11-23 (discussing scope and nature of First Amendment claim). Accordingly, even though the district court undertook an analysis of whether an as-applied content based challenge could proceed past summary judgment, it need not have done so. McCoy had already abandoned any as-applied content based challenge.

Third, notwithstanding the district court's ruling that McCoy had alleged an as-applied content challenge, the analysis of that claim is not distinct or meaningfully different from his equal protection claim in light of McCoy's factual allegations, and thus, the outcome is the same. <u>See</u> <u>e.g.</u>, <u>McGuire v. Reilly</u>, 386 F.3d 46, 66 n. 5 (1st Cir. 2004)(confirming the distinction between an as-applied content challenge and a discriminatory enforcement claim can, based on the manner in which it is pled, be one and the same).

Whether analyzed as an as-applied content based challenge, or under an equal protection theory, McCoy bore the burden of setting

forth sufficient facts to show a genuine dispute as to whether he had been intentionally discriminated against. See id., 386 F.3d at 64 ("[I]n order to win a viewpoint discriminatory enforcement challenge against a law that is facially neutral, the challenger would need to show a pattern of unlawful favoritism.") (internal quotations omitted). Yet, the summary judgment record was devoid of any credible evidence of discrimination or discriminatory intent by the Town.

Additionally, McCoy's appellate brief does not explain why summary judgment on his alleged content based claim was legally or factually unsupportable. It is well-established that "[b]y invoking Rule 56, the moving party in effect declares that the evidence is insufficient to support the nonmoving party's case." U.S. v. One Parcel of Real Property With Bldgs., Appurtenances, and Improvements, Known as Plat 20, Lot 17, Great Harbor Neck, New Shoreham, R.I., 960 F.2d 200, 204 (1st Cir. 1992). Likewise, "a mere promise to produce admissible evidence at trial does not suffice to thwart the summary judgment ax[.]" Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir. 1990). If McCoy has evidence to support his claims of content based discrimination, he needed to have identified such evidence, which he has not done.

Likewise, he needs to have articulated how such evidence would support a different outcome, which he has not. The district court was correct in ruling that the Town did not discriminate against McCoy based on the expressive content or political speech on his trailer.

## CONCLUSION

The district court's order should be affirmed for the foregoing reasons.

Respectfully submitted,

June 16, 2022

/s/ Robert J. Dietel
Robert J. Dietel
Keelan B. Forey
Gallagher, Callahan &
Gartrell, P.C.
214 North Main Street
Concord, NH 03301
(603) 228-1181

23

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of Fed. R. App. P. 32(a)(7) because, excluding the parts of the document exempted by the Fed. R. App. P. 32(f), this document contains 4,112 words. This document complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally-spaced typeface using Microsoft Word, version 2016, in Century Schoolbook, 14-point font.

Respectfully submitted,

June 16, 2022                                    /s/ Robert J. Dietel
                                                 Robert J. Dietel

24

## CERTIFICATE OF SERVICE

I, Robert J. Dietel, hereby certify that on this date, a copy of the foregoing was electronically filed with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

Robert Fojo, Esq.
rfojo@fojolaw.com

Respectfully submitted,

June 16, 2022                    /s/ Robert J. Dietel
                                 Robert J. Dietel